[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO TRANSFER
Plaintiff brings this action for foreclosure of a mortgage granted in favor of the plaintiff in consideration for the plaintiff's early termination of a lease and vacation of the leased premises. Defendants have filed an answer with a counterclaim against the plaintiff in one count. The counterclaim alleges that the defendants breached certain lease provisions. On June 28, 1990, the plaintiff filed a motion to transfer the counterclaim to the housing court for the Judicial District of Hartford/New Britain at Hartford.
Defendants are permitted by section 116 of the Connecticut Practice Book to "file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ." The complaint is a foreclosure action on a mortgage given in consideration for the plaintiff's early termination of a lease. The defendants have not paid the lease. The factual and legal issues raised by the counterclaim arise from the same lease and the relationship of the defendants and plaintiff as landlord and tenant. For purposes of judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, the counterclaim should not be transferred. See Wallingford v. Glen Valley Associates, 190 Conn. 158, 161
(1983). Moreover, "`[h]ousing matters' are included within the jurisdiction of the Superior Court . . . . General Statutes51-164s." Savage v. Aronson, 214 Conn. 256, 262 (1990).
The motion to transfer is denied.
O'Connor, J. CT Page 3487